IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JIM McDONALD                                                                                    PETITIONER

v.                                    CASE NO.: 5:07CV00162 SWW/BD

LARRY NORRIS,                                                                                   RESPONDENT
Director, Arkansas Department
of Correction

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

1

## II. Background:

Jim McDonald, an Arkansas Department of Correction ("ADC") inmate, brings this petition for writ of habeas corpus (docket entry #1) under 28 U.S.C. § 2254. Petitioner pled guilty to the rape of his minor daughter in Carroll County Circuit Court. *McDonald v. State*, 364 Ark. 491, 192, 221 S.W.3d 349, 350 (2006). After a hearing, a jury sentenced Petitioner to life in prison. *Id*. Petitioner's counsel immediately moved the trial court for a reduction of the sentence arguing that the sentence was the result of passion or prejudice. (#11-3 at p. 84) The trial court asked Petitioner's counsel to file a written motion. In the written motion, Petitioner claimed that, under Ark. Code Ann. § 16-89-130(c)(5), he was entitled to a new trial because the verdict was against the law and evidence. (#11-5 at pp. 1-2) Citing Ark. Code Ann. § 5-4-103(b)(1), Petitioner further claimed that, because he entered a guilty plea, the Court, and not the jury, should have fixed his punishment. (#11-5 at pp. 1-2) The trial court denied the motion. *McDonald*, 364 Ark. at 493.

On direct appeal, Petitioner's counsel filed a timely no-merit brief under *Anders v. California*, 386 U.S. 738 (1967) and Rule 4-3(j)(1) of the Arkansas Supreme Court. *Id*. at 492. In response, Petitioner filed a pro se brief alleging: (1) the trial court erred in failing to follow the directives of Ark. R. Crim. P. 24.5; (2) the prosecutor and defense attorney erred by referring to the sentencing range as including "life without parole" instead of

merely "life;" and (3) the judge erred by giving a "hung jury" instruction. *McDonald*, 364 Ark. at 497.

The Arkansas Supreme Court considered the *Anders* brief and the errors raised by Petitioner in his pro se brief and affirmed Petitioner's conviction and sentence. *Id*. The Court held the trial court did not abuse its discretion by denying the motion to reduce the Petitioner's sentence because the jury heard sufficient evidence to support the verdict and it did not "appear to be the result of passion or prejudice." Addressing the Petitioner's pro se brief, the Court noted that the trial court did fail to follow Ark. R. Crim P. 24.5 when it accepted the plea, and that the attorneys had inaccurately referred to "life without parole." However, because neither claim was raised by the Petitioner at trial, the Court did not reach the merits of these claims on appeal. *Id*. (citing *Standridge v. State*, 357 Ark. 105, 161 S.W.3d 815 (2004)). Finally, the Arkansas Supreme Court concluded that, because Petitioner's counsel had objected to the trial court's "hung jury" instruction and the judge had retracted the instruction and had given a proper instruction approved by Petitioner's counsel, the improper instruction was not a valid basis for reversal.

The Petitioner filed a timely petition for post-conviction relief with the trial court under Arkansas Rule of Criminal Procedure Rule 37.1. *McDonald v. State*, No. CR 06-1060, 2006 WL 3034635, *1 (October 26, 2006). The trial court denied the petition and petitioner filed a timely notice of appeal with the Arkansas Supreme Court. *Id*. The Arkansas Supreme Court dismissed Petitioner's appeal by *per curiam* order, however,

when he failed to tender a record to the Court within ninety days, as required by Arkansas Rule of Appellate Procedure-Civil 5(a) as applied through Arkansas Rule of Appellate Procedure - Criminal 4(a). *Id*.

In this petition, Petitioner claims his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and that his guilty plea was not knowing and voluntary. (#1 at pp. 2, 7) The Respondent contends that Petitioner's claims are barred by procedural default. For the reasons that follow, the Court recommends that the District Court dismiss Petitioner's petition.

### III.   Procedural Default:

Federal habeas relief is available only on the ground that a person is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving those courts an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); see also 28 U.S.C. § 2254(b) and (c). "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citing *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006); *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005)). Claims in a federal habeas petition not presented in the state court proceedings and for which there is

no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).

    A.    *Eighth Amendment*

To fairly present a federal claim to a state court, a petitioner must have referred to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in his claim before the state courts. *Ford v. Norris*, 364 F.3d 916, 919 (8th Cir. 2004). In this case, Petitioner's counsel objected at trial to the verdict claiming it was the result of passion or prejudice. In his post-trial motion, Petitioner cited Ark. Code Ann. § 16-89-130 and Ark. Code Ann. § 5-4-103 and claimed he was entitled to a new trial or to be sentenced by the judge. Petitioner did not, however, claim in his post-trial motion that the sentence was cruel and unusual punishment under the Eighth Amendment.

In his pro se brief filed on direct appeal, Petitioner stated the trial court violated his "6th Amendment" Constitutional rights "and others." This is the only reference the Court has found on the record that Petitioner made to his Constitutional rights in the state court proceedings, and Petitioner did not specifically assert an Eighth Amendment claim or cite relevant Eighth Amendment cases. *McDonald*, 364 Ark. at 494-97. Accordingly,

Petitioner's Eighth Amendment claim should be defaulted unless he can establish cause for the default and actual prejudice.

  B. *Knowing and Voluntary Plea*

  Petitioner also claims his guilty plea was not knowing and voluntary because "he was under the impression, based upon consulting with his attorney, that the jury would be limited to considering a range of 10 to 25 years in the sentencing phase." (#1 at p. 7) Petitioner did assert the factual basis for this claim in his pro se brief on direct appeal when he stated his counsel told him "that the prosecutor would allow us to plead to a jury and the jury would be empaneled for sentencing of up to 25 years." (#1 at p. 12)  The Arkansas Supreme Court, however, rejected the claim as procedurally barred because the Petitioner failed to preserve the issue for appeal by objecting at trial.  *McDonald*, 364 Ark. at 496 (citing *Standridge v. State*, 357 Ark. 105, 161 S.W.3d 815 (2004)).

  This Court is unable to grant federal habeas relief on a federal claim that the state appellate court declined to address because the petitioner failed to meet a state procedural requirement constituting an "independent and adequate state ground."  *Crawford v. Minnesota*, 498 F.3d 851, 854 (8th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S.Ct. 2546 (1991)).  Federal courts should not consider whether the state court properly applied its default rule to the claim. *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004).  Federal courts do not sit to correct a state court's application of its ordinarily adequate procedural rules except in unusual circumstances.  See *Lee v. Kemna*,

534 U.S. 362, 376, 122 S.Ct. 877 (2002).  To be "independent and adequate," a state procedural bar must be "firmly established and regularly followed" by the time it is applied.  *Id*. (citing *Ford v. Georgia*, 498 U.S. 411, 424, 111 S.Ct. 850 (1991)).

Petitioner does not dispute that the Arkansas Supreme Court regularly follows the rule of dismissing arguments not preserved for appeal or that the rule is firmly established.  Accordingly, Petitioner's claim is procedurally defaulted unless he can establish cause and prejudice or miscarriage of justice.

C.   *Ineffective Assistance of Counsel*

As part of his claim that his guilty plea was not knowing and voluntary, Petitioner claims his attorney misrepresented the plea agreement when describing it to him.  (#1 at p. 7)  To the extent Petitioner is raising an ineffective assistance of counsel claim in his petition, this claim is also procedurally barred.

Under Arkansas law, ineffective assistance of counsel claims are properly raised in a petition to the trial court under Rule 37 of the Arkansas Rules of Criminal Procedure. *McArty v. State*, 355 Ark. 445, 448, 983 S.W.2d 418 (1998).  Petitioner timely filed a Rule 37 petition which the trial court denied.  *McDonald v. State*, No. CR 06-1060, 2006 WL 3034635, *1 (October 26, 2006).  Further, Petitioner timely filed a notice of appeal with the Arkansas Supreme Court.  Petitioner did not, however, tender a record to the Court within ninety days as required by Arkansas Rule of Appellate Procedure - Civil 5(a)

as applied through Arkansas Rule of Appellate Procedure - Criminal 4(a) in order to perfect his appeal. *Id*. Accordingly, the Court dismissed his appeal. *Id*.

Again, Petitioner does not allege that the Arkansas Supreme Court fails to regularly follow its rule of dismissing cases in which a record is not lodged within ninety days. Consequently, Petitioner's ineffective assistance of counsel claim should be procedurally defaulted unless he can establish cause and prejudice or miscarriage of justice.

    D.    *Cause and Prejudice*

The cause and prejudice standard applies to procedural defaults on appeal as well as at trial. *Murray v. Carrier*, 477 U.S. 478, 491, 106 S.Ct. 2639 (1986). Under this standard, cause is established when "some objective factor external to the defense impede[s] counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488.

The Court granted Petitioner several extensions of time to reply to Respondent's procedural default argument. (#12, #14, #16, #19)  As of this date, however, Petitioner has not filed a reply or alleged any facts claiming an external factor caused his failure to file the record to perfect his appeal. Because Petitioner has not established cause for his procedural default, the Court should not reach the question of prejudice. *McCleskey v. Zant*, 499 U.S. 467, 502, 111 S.Ct. 1454, 1474 (1991).

E.  *Miscarriage of Justice*

Petitioner also may overcome procedural default by showing that failure to hear his petition would result in a miscarriage of justice. To establish a miscarriage of justice, a petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent. *Cagel v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851 (1995)). Petitioner has not come forward with any new evidence of actual innocence. Instead, in his pro se brief on direct appeal which is attached to his petition, Petitioner acknowledges his guilt. (#1 at p. 19) Thus, Petitioner has not established a miscarriage of justice.

IV.  **Conclusion**:

For the foregoing reasons, the Court recommends that the District Court dismiss the petition for writ of habeas corpus with prejudice.

DATED this 10th day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE